**Eugene ALEXANDER, Plaintiff,**

v.

**Michael F. SHEAHAN and Carl Russell, Defendants.**

**No. 97 C 0257.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 16, 1998.

Eugene Alexander, Hillsboro, IL, Pro se.

Allen Stewart Kirsh, David S. Meyerson, Cook County State's Attorney, Chicago, IL, for Michael F Shehan and Carl Russell.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

Plaintiff Eugene Alexander, a pretrial detainee at Cook County Jail, brought this suit under 28 U.S.C. § 1983 against Cook County Sheriff Michael Sheahan and Division II superintendent Carl Russell alleging that he and other residents of Division II were not permitted to attend Islamic religious services, although Islamic religious services are permitted for inmates of the Jail housed in another unit, and Christian services were provided in his unit. He alleged that he had petitioned both Russell and Sheahan without response. The court granted Alexander leave to proceed in forma pauperis, although not as a class action as had been requested.

Defendants moved to dismiss the complaint. Alexander did not respond, even after seeking and receiving an extension of time, but instead filing an amended complaint. The court construes this unusual move as his acquiescence in the dismissal of the original complaint and seeking leave to proceed on the amended complaint.

The amended complaint alleges substantially the same claims as the original, except that it is not brought as a class action. In determining whether Alexander may proceed, the court will apply the challenges of the motion to dismiss to the proposed amended complaint.

██ Defendants first point out that Alexander has no standing to seek injunctive relief, as he is no longer incarcerated in the Jail. This point is well taken, and the claims for injunctive relief are dismissed. Nevertheless, although plaintiff's prayer for injunctive relief has been mooted by his transfer from the Jail, he may be entitled to damages, and even nominal damages would justify an award of costs. The Prison Litigation Reform Act now requires all prisoner-plaintiffs to pay the full filing fee; if it is determined that plaintiff's First Amendment rights have been violated he should not have to bear that expense.

██ Defendants next object that Alexander has not sufficiently alleged the personal involvement of the defendants. Defendants are correct, of course, that there is no *respondeat superior* liability under § 1983. *Lanigan v. Village of East Hazel Crest,* 110 F.3d 467, 477 (7th Cir.1997). But Alexander's allegation that he petitioned both of the defendants and that his requests for Islamic

services were refused suffices to allege their personal involvement.

Defendants protest that "it is well settled in this District that letters or grievances sent to prison officials are insufficient to establish personal involvement." Def. Mem. at 4. Opinions of district judges are not precedential, and there are opinions to the contrary. See *Gordon v. Sheahan,* 96 C 1784, 1997 WL 136699 (N.D.Ill. Feb. 17, 1997) (Manning, J.); *Isaac v. Fairman,* 92 C 3875, 1994 WL 63219 (N.D.Ill.1994) (Aspen, J.); *Walton v. Fairman,* No. 92 C 1618, 1993 WL 96427 (N.D.Ill. April 1, 1993) (Williams, J.). The Seventh Circuit has stated that an executive could be liable because he "knew of the actions of his subordinates which resulted in a constitutional violation" and "failed to take any preventive action." *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir.1985) (quoted in *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir.1994)). Although *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982), held that informing the Director of the Department of Corrections of a constitutional violation in one of the prisons under his supervision did not establish personal liability, this is a different situation; defendant Sheahan supervises only one institution. See *Radick v. Hardiman,* 588 F.Supp. 932, 935–36 (N.D.Ill.1984) (Marshall, J.). If a supervisor knows of a constitutional violation, has the power to correct it, and has no reason to suppose that his subordinates will correct it, he should be liable if he fails to act.

 We agree, however, with the defendants that both the complaint and the amended complaint fail to properly allege claims against them in their official capacities. A claim against a public employee is his or her official capacity is in effect a claim against his or her employer, in this case Cook County. As such, it must be based on some policy or custom of Cook County. *Lanigan,* 110 F.3d at 478–79. The complaint does not allege a policy. The closest Alexander comes to alleging any kind of official or unofficial policy with respect to Islamic services is his statement that he was told by Chaplain Smith that "numerous divisions within the Cook County Jail did not provide any type of Islamic Services" and that "re-

fusal to provide Islamic Services throughout the Cook County Jail was widespread." Amd. Cmplt. ¶¶ 10–11. It is not reasonable to infer that because Islamic Services are unavailable in many—but apparently not all—units of the Jail that there is a Cook County policy prohibiting such services. Although Sheriff Sheahan, unlike unit superintendent Russell, is a policymaking official for Cook County, his refusal to intervene in an individual case, without more, does not represent policymaking action that would render Cook County liable. *See Hirsch v. Burke,* 40 F.3d 900, 904 (7th Cir.1994).

Accordingly, the motion to dismiss the initial complaint is granted without opposition, and Alexander may proceed on the amended complaint as to claims against the defendants in their individual capacities only. The prayer for prospective relief is stricken. The defendants are directed to answer the First Amended Complaint within thirty days of this order.

IT IS SO ORDERED.